IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH KINARD, #08008-016            *
       Petitioner
                               *
   v.                                     CIVIL ACTION NO. DKC-07-0132
                               *
UNITED STATES OF AMERICA,
       Respondent                *
                              ******

**MEMORANDUM**

On January 5, 2004, Joseph Kinard filed his first federal habeas corpus application concerning his 1998 state court convictions. On September 28, 2004, the petition was denied. *See Kinard v. McKelvy*, Civil Action No. DKC-04-020.

On January 16, 2007, Kinard, now confined at the U.S. Penitentiary in Coleman, Florida, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Paper No. 1. Mr. Kinard again seeks federal habeas corpus relief regarding his 1998 state court convictions for armed robbery, conspiracy to commit armed robbery, and illegal use of a handgun. For the reasons set out herein, the court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.) (2000). The pending application is beyond doubt a second and successive one which Petitioner has filed in this court, and thus, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Mr. Kinard's

application for habeas corpus relief before the matter can proceed.  *See* 28 U.S.C. § 2244(b)(3)(A);[1] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  Undoubtedly, Petitioner has not complied with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive Petition with the appellate court.  It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant Petition, and accordingly the Petition shall be dismissed.  A separate Order shall be entered reflecting the ruling set out herein.

  1/26/2007  
     Date

            /s/  
     DEBORAH K. CHASANOW  
     United States District Court Judge

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."